IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

ABDU S. HASSEN,

      Plaintiff,

                                              3:08-CV-742-PK

                                              OPINION AND
v.                                              ORDER

MICHAEL J. ASTRUE,

      Defendant.

_____

PAPAK, Magistrate Judge:

      Plaintiff Abdu S. Hassen filed this action against defendant Michael A. Astrue,

Commissioner of Social Security, on June 19, 2008, seeking judicial review of the

Commissioner's decision finding Hassen not disabled for purposes of entitlement to Social

Security disability insurance benefits and supplemental security income payments.  On December

11, 2009, I issued an Opinion and Order affirming the Commissioner's decision, and on February

9, 2010, the Ninth Circuit affirmed in part and reversed in part my decision, remanding to this

court with instructions to remand Hassen's claim to the agency to consider the lay testimony of

Sherry Mackey, one of Hassen's witnesses whose testimony the Administrative law Judge had

failed to discuss.  Now before the court is Hassen's opposed motion (#35) for attorney fees under

the Equal Access to Justice Act.  I have considered the parties' briefs and all of the evidence in

the record.  For the reasons set forth below, Hassen's motion is granted, and Hassen is awarded

Page 1 - OPINION AND ORDER

his attorney fees and costs in the total amount of $16,566.50.

## ANALYSIS

I.    **Plaintiff's Entitlement to Award of Attorney Fees and Costs**

Hassen moves for attorney fees pursuant to the Equal Access to Justice Act ("EAJA").

The EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and
> other expenses, in addition to any costs awarded pursuant to subsection (a),
> incurred by that party in any civil action (other than cases sounding in tort),
> including proceedings for judicial review of agency action, brought by or against
> the United States in any court having jurisdiction of that action, unless the court
> finds that the position of the United States was substantially justified or that
> special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  For purposes of Section 2412, a party eligible for award of fees must

be:

> (i)  an individual whose net worth did not exceed $2,000,000 at the time the civil
> action was filed, or
>
> (ii) any owner of an unincorporated business, or any partnership, corporation,
> association, unit of local government, or organization, the net worth of which did
> not exceed $7,000,000 at the time the civil action was filed, and which had not
> more than 500 employees at the time the civil action was filed; except that an
> organization described in section 501(c)(3) of the Internal Revenue Code of 1986
> (26 U.S.C. 501 (c)(3)) exempt from taxation under section 501(a) of such Code,
> or a cooperative association as defined in section 15(a) of the Agricultural
> Marketing Act (12 U.S.C. 1141j (a)), may be a party regardless of the net worth of
> such organization or cooperative association or for purposes of subsection
> (d)(1)(D), a small entity as defined in section 601 of title 5. . . .

28 U.S.C. § 2412(d)(2)(B).  Here, it is undisputed that Hassen falls within the scope of Section

2412(d)(2)(B)(ii).  Moreover, the record establishes that Hassen's fee petition was timely filed,

and the Commissioner concedes that Hassen was the prevailing party.  The sole issue for this

court to resolve in connection with determining Hassen's entitlement to fees under the EAJA is

Page 2 - OPINION AND ORDER

whether the government's position was substantially justified.

It is the Commissioner's burden to establish substantial justification. *See Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). A legal position is substantially justified if it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Supreme Court has expressly observed that the foregoing formulation is the equivalent of the alternate formulation "[having a] reasonable basis both in law and fact," *id.*, and the Ninth Circuit has held that "substantially justified means there is a dispute over which 'reasonable minds could differ,'" *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005), *quoting League of Women Voters of Cal. v. FCC*, 798 F.2d 1255, 1260 (9th Cir. 1986). The Supreme Court expressly rejected the proposition that to establish substantial justification could require any showing beyond "mere" reasonableness, *see Pierce*, 487 U.S. at 566-568, but also cautioned that in this context "reasonable" means something "more than merely undeserving of sanctions for frivolousness," *id.* at 566. The *Pierce* court clarified that "a position can be justified even though it is not correct, [indeed] substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566, n. 2.

The *Pierce* and *Gonzales* decisions provide a modicum of guidance to the courts as to how the justification of a legal position should be evaluated. Specifically, *Pierce* instructs that the fact that one or more judges may have agreed or disagreed with the government's position is not dispositive as to justification, *see id.* at 569, although it is certainly relevant, and *Gonzales* warns that the reasonableness of the government's position must be evaluated as of the time the position was adopted, and not in light of a court's subsequent final ruling on the merits of the

position, *see Gonzales*, 408 F.3d at 620.

The only argument as to which Hassen prevailed was his argument that the ALJ erred by failing to address the testimony of Sherry Mackey, one of Hassen's several lay witnesses. Mackey testified, effectively, that Hassen was unable to focus and "remain on task" for more than "a couple hours at a time" when overwhelmed by too many tasks, or tasks of too great complexity.  I found that the ALJ's failure to address Mackey's testimony was harmless in light of other limitations already included in Hassen's RFC assessment, including limitations on the complexity of instructions Hassen could be required to follow.  Applying a more context-free harmless-error analysis, the Ninth Circuit disagreed, finding that if Mackey's testimony had been fully credited, the ALJ could have reached a different disability determination.

The Commissioner argues that its position on this issue was substantially justified.  If the Commissioner had in fact taken the litigation position that the ALJ's failure to address Mackey's testimony had been harmless, I would doubtless have agreed with its argument, on the grounds that reasonable minds could differ as to whether or not the ALJ's error was harmless.  However, although Hassen clearly and saliently assigned error to the ALJ's failure to address Mackey's testimony in his opening brief, the Comissioner omitted to take any position at all on the question, addressing in its opposition brief only the propriety of the ALJ's rejection of the testimony of Hassen's other lay witnesses, Benyam Andebrhn, Anthony Quin, and Jeana Philippens.

At issue here is not the reasonableness of my disposition of Hassen's assignment of error, but rather the reasonableness of the government's litigation position.  Because the government failed to adopt any litigation position on the question as to which Hassen prevailed, the

Commissioner cannot meet his burden to establish that the government's position was substantially justified. Hassen is therefore entitled under the EAJA to his attorney fees and costs reasonably incurred in connection with this action.

## II.    Attorney Fees

Determination of a reasonable attorney's fee begins with the "lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986).

In the course of this litigation, Hassen relied on the services of two attorneys, Richard A. Sly and Linda S. Ziskin. According to the time records submitted in support of Hassen's petition, Sly expended 2.5 hours in 2008 and 2.8 hours in 2009 litigating the merits of Hassen's request for judicial review in the district court, and 0.4 hours in 2009, 6.3 hours in 2010, and 0.5 hours in 2011 in connection with litigating Hassen's appeal before the Ninth Circuit, Ziskin expended 2.6 hours in 2008 and 34.7 hours in 2009 litigating the merits of Hassen's request for judicial review in the district court, 2.8 hours in 2009, 40.0 hours in 2010, and 1.6 hours in 2011 in connection with litigating Hassen's appeal before the Ninth Circuit, and 1.3 hours in connection with preparing Hassen's fee petition, and an unidentified paralegal or paralegals expended 13 hours in 2010 in connection with litigating Hassen's appeal. Hassen requests that all attorney hours be compensated at hourly rates of $172.85 for hours expended in 2008, $172.24 for hours expended in 2009, $175.06 for hours expended in 2010, and $179.51 for hours expended in 2011, and that paralegal hours be compensated at an hourly rate of $125.00. Based on the foregoing, Hassen

asserts an entitlement to award of a total of $18,232.32 in attorney and paralegal fees.[1]

### A.    Hours Reasonably Expended

The Commissioner challenges the reasonableness of some of Hassen's attorneys' time expenditures.  Specifically, the Commissioner asserts (without particularity) that "at least 11" hours of Hassen's attorneys' time were spent in clerical tasks with which it would be inappropriate to tax the government, and moreover that the time expenditures were so generally excessive that they should be reduced to not more than fifty hours.  In addition, this court bears a responsibility to conduct its own independent analysis of the reasonableness of the time expenditures underlying Hassen's petition.  *See, e.g., Gates v. Deukmejian*, 987 F.2d 1392, 1400-1401 (9th Cir. 1992).

It is the fee claimant's burden to demonstrate that the number of hours spent was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their . . . claims); *Chalmers v. Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986) (district court determines numbers of hours reasonably expended in furtherance of the successful aspects of a litigation).  Moreover, it is likewise the fee claimant's burden to "submit evidence supporting the hours worked . . . .  Where the documentation of hours is inadequate, the district court may reduce the award accordingly."

---

[1] In his moving papers, Hassen requested award of attorney fees in the amount of $18,883.22, and in reply amended his request to $18,233.22.

*Hensley*, 461 U.S. at 433; *see also, e.g., Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-946 (9th Cir. 2007) (same).

Costs associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them . . . [the] dollar value [of a clerical task] is not enhanced just because a lawyer does it") (citation omitted).   Time entries reflecting the performance of clerical tasks should therefore be deducted from the totals listed in the fee petition. *See Frevach Land Co. v. Multnomah County*, No. CV-99-1295-HU, 2001 US Dist LEXIS 22255, *37 (D. Or. December 18, 2001) (inappropriate according to practices "prevailing . . . in this community [*i.e.*, Multnomah County] to bill a client, or to seek fees under a fee-shifting statute, for purely secretarial tasks").   Scrutiny of the time records submitted in support of plaintiffs' fee petition establishes that Sly's time entries dated June 25, September 9, October 30, and December 30, 2008, February 23, April 7, July 15, July 27, September 9, November 5, and December 11, 2009, March 30, May 15, July 24, July 26, July 28, and August 12, 2010, and February 9, 2011, and Ziskin's time entries dated November 6, 2008, February 12 and July 19, 2010, and May 26, 2011, all reflect purely clerical tasks that should be excluded from the lodestar calculation.

I am also required to scrutinize plaintiffs' fee petition "to [e]nsure that the time expended [in furtherance of each task performed] was not excessive to the task. . . ." *Taylor v. Albina Cmty. Bank*, No. CV-00-1089-ST, 2002 US Dist LEXIS 25580, *8 (D. Or. October 2, 2002) ; *see also id.* at *16 ("A party is certainly free to pay its lawyers whatever it wishes, but cannot expect

to shift the cost of any . . . excesses to its opponent.  Instead it can only shift the reasonable

attorney fee expended").  Following exclusion of time expended in purely clerical tasks as

discussed above, Hassen asserts that his attorneys collectively expended 40.5 hours litigating the

merits of Hassen's request for judicial review in the district court, that his attorneys and

paralegals collectively expended 60.0 hours in connection with litigating Hassen's appeal before

the Ninth Circuit, and that his attorneys collectively spent 1.2 hours preparing Hassen's fee

petition.  While these expenditures are substantial, and perhaps greater than would have been

expected in connection with a case of this level of complexity, analysis of the time records does

not reveal any clearly excessive time expenditures in connection with any particular task, or any

tasks that were not reasonably necessary to litigating Hassen's claims.  I therefore decline to

effect any further reduction to Hassen's compensable time expenditures on grounds of

excessiveness.

Analysis of the time records does not establish that Hassen's attorneys' time expenditures

were unreasonable on any other applicable ground.  I therefore find that Hassen is entitled to

compensation for 88.7 hours of attorney time and 13.0 hours of paralegal time expended by his

counsel in the course of this litigation.

**B.    Reasonable Rate**

As noted above, Hassen requests that his attorneys' time be compensated at hourly rates

of $172.85 for hours expended in 2008, $172.24 for hours expended in 2009, $175.06 for hours

expended in 2010, and $179.51 for hours expended in 2011.  Pursuant to the EAJA, "attorney

fees shall not be awarded in excess of $125 per hour unless the court determines that an increase

in the cost of living or a special factor, such as the limited availability of qualified attorneys for

Page 8 - OPINION AND ORDER

the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Hassen does not indicate that he seeks any "special factor" increase in the statutory rate cap, but does seek adjustment based on increases in the cost of living.

To adjust the EAJA statutory fee cap for increases in the cost of living, the courts of the Ninth Circuit multiply the statutory rate cap of $125 times the appropriate consumer price index for urban consumers ("CPI-U") for the year in which the fees were incurred, then dividing that quotient by the CPI-U for the month in which the cap was imposed (March 1996). *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001). I take judicial notice that the United States Department of Labor's Bureau of Labor Statistics has published a CPI-U for the western states of 156.4 for March 1996, of 219.646 for 2008, of 218.822 for 2009, of 221.203 for 2010, and of 226.428 for the first half of 2011. The applicable statutory rate caps as adjusted for increases in the cost of living are, therefore, $175.55 for 2008, $174.89 for 2009, $176.79 for 2010, and $180.97 for the first half of 2011. Because each of these adjusted rate caps is in excess of the corresponding rate Hassen has requested, the requested rates are necessarily reasonable for EAJA purposes. Neither party having submitted evidence on the issue, I further find that $75.00 is a reasonable rate for the compensation of paralegal time.

### C.      Calculation and Adjustment of the Lodestar Figure

#### 1.      The Lodestar Product

The product of the 4.4 hours reasonably expended by Hassen's attorneys in 2008 and the requested hourly rate of $172.85 is $760.54, the product of the 38.9 hours reasonably expended by Hassen's attorneys in 2009 and the requested hourly rate of $172.24 is $6,700.14, the product of the 42.4 hours reasonably expended by Hassen's attorneys in 2010 and the requested hourly

rate of $175.06 is $7,422.54, and the product of the 3.0 hours reasonably expended by Hassen's attorneys in 2011 and the requested hourly rate of $179.51 is $538.53.  The product of the 13.0 hours reasonably expended by Hassen's paralegals in 2010 and the reasonable hourly rate of $75.00 is $975.00.  Thus, the lodestar calculation results in a total of $16,396.75 in attorney and paralegal fees reasonably incurred in the course of litigating this action.

### 2.    Adjustment

It is the fee claimant's burden to prove the reasonableness of the lodestar amount.  *See Pennsylvania*, 478 U.S. at 563-64.  The factors that may properly be considered in determining and evaluating the lodestar figure include:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See, e.g., Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975).  Only those factors which are applicable need be addressed.  *See, e.g., Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir. 1983).

It is within the discretion of the trial court judge to adjust the lodestar figure either:  (1) downward if the plaintiff has achieved only partial or limited success or if the fee is otherwise unreasonable, *Hensley*, 461 U.S. at 435-36 (1983); or (2) upward in "rare" and "exceptional" cases, *Pennsylvania*, 478 U.S. at 565.  The presumption, however, is that the lodestar figure represents a reasonable fee.  *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621

(9th Cir. 1987).

I do not find that adjustment of the lodestar figure is warranted here. I therefore award Hassen his attorney and paralegal fees in the lodestar amount provided above, specifically $16,396.75.00.

**III.    Costs**

Hassen requests award of his costs in the amount of $169.75. The commissioner makes no objection to the requested costs, and analysis of Hassen's submissions does not suggest any grounds for denying the requested award. I therefore award Hassen his costs in the requested amount of $169.75.

## CONCLUSION

For the reasons set forth above, Hassen's motion (#35) is granted, and the Commissioner is ordered to pay Hassen's attorney fees and costs in the total amount of $16,566.50.


Dated this 21st day of November, 2011.

Honorable Paul Papak
United States Magistrate Judge


Page 11 - OPINION AND ORDER